IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
ROBERT J. STILLEY,        )
et al.,                   )
                          )
Plaintiffs,               )
                          )
vs.                       )    NO. 3:07-CV-172
                          )
MICHAEL HERSCHBERGER,     )
et al.,                   )
                          )
Defendants.               )
```

**OPINION AND ORDER**

This matter is before the court *sua sponte*.

For the reasons set forth below, the Court will allow Robert J. Stilley to proceed on his Fourth Amendment excessive force claim against Michael Herschberger in his individual capacity. All other claims and parties are dismissed.

BACKGROUND

On April 10, 2007, Robert J. Stilley, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Stilley alleges that on March 8, 2007, he passed a stationary vehicle driven by Officer Michael Herschberger, along with his partner Officer Courtney Simpkins. The officers started to pursue Stilley, at which time, Stilley got out of the car and fled on foot. Stilley allegedly stopped, fell to his knees, and placed his hands behind his head.

While Simpkins was placing the handcuffs on Stilley, Herschberger stomped Stilley's head into the ground with the heel of his boot. Herschberger then gave Stilley a "more lethal blow which caused [him] to briefly lose consciousness." (Cmplt, p. 7). After Stilley was handcuffed, Herschberger grabbed Stilley by the shirt collar. Herschberger then threatened Stilley by saying "[he] was going to prison for a very, very long time," and that "he was tired of us Stilleys." (Cmplt, pp. 7-8). All of this was done in front of Stilley's fiancé, cousin, friend, and minor son.

In addition, Mr. Stilley alleges that he was not read his rights before he was arrested. Finally, the complaint alleges that Herschberger grabbed Audra Tape, Stilley's fiancé, and threatened her to get back in the car. Herschberger then grabbed Timothy Davis, Stilley's cousin, and slammed him against the car.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The Court will apply the same standard under § 1915A as

when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

A. <u>The Plaintiffs</u>

The complaint lists Robert J. Stilley, Audra Tape, Timothy Davis, Vincent Baker, and Stilley's minor son as the plaintiffs in this case. However, there is little indication that Tape, Davis, Baker, and Stilley's minor son intended to be Plaintiffs in this present action. Federal Rule of Civil Procedure 11 requires that a party sign each pleading. Although the names Audra Tape, Timothy Davis, and Stilley's minor son appear at the end of the complaint, they are written in the same handwriting as Stilley's complaint.

-3-

It does not appear that these individuals have signed the complaint in their own capacity.[1]  Likewise, Vincent Baker clearly did not sign the complaint.  Without personally signing the complaint, the Court cannot conclude that these individuals wanted to be a part of this litigation.  As a result, these plaintiffs will be dismissed without prejudice.  This dismissal does not prevent these individuals from filing separate lawsuits on their own behalf.

    B.    <u>Excessive Force Claims against Herschberger</u>

Stilley alleges that Herschberger used excessive force.  "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions.  *Graham*, 490 U.S. 386, 396.  The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight.  "Not every push or shove, even if it may later seem

---

[1] Furthermore, even though Stilley's minor son cannot sign the complaint in his own capacity, none of the claims asserted in the complaint are claims relevant to Stilley's minor son. There is no allegation that Stilley's minor son was injured in any way. As a result, the court would still dismiss Stilley's minor son for failure to state a claim.

-4-

unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Graham*, 490 U.S. at 396. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 441 U.S. at 497. Stilley asserts that after he dropped to his knees and put his hands behind his head, Herschberger stomped his head into the ground, hit him and made him lose consciousness, and grabbed his shirt collar. Giving Stilley the reasonable inferences to which he is entitled at this stage of the proceeding, he states a claim of excessive force against Herschberger. Stilley will be allowed to proceed against Herschberger in his individual capacity for compensatory damages on this claim.

Stilley also argues that Herschberger threatened him and told him that he was "sick of you Stilleys." However, verbal harassment does not state a constitutional violation and Stilley's claims based upon this argument will be dismissed. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

Finally, Stilley asserts that Herschberger grabbed Tape and shoved Davis against the car. However, because both Tape and Davis

have been dismissed from this action by this order, these are third party claims.  Stilley does not have standing to assert claims on behalf of third parties. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights...." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12 (2004) (quotation mark omitted). These claims will be dismissed.

    C.    <u>Excessive Force Claim against Simpkins</u>

In his complaint, Stilley states that Simpkins handcuffed him and emptied his pockets, which was standard procedure.  Stilley does not assert that at any time, Simpkins used excessive force during the arrest.  Rather, Stilley admits that Simpkins was performing routine standard procedures.  As a result, Stilley does not assert a claim against Simpkins for excessive force and Simpkins will be dismissed.

    D.    <u>Failure to Give Miranda Rights Claim</u>

Stilley then alleges that he was not read his rights while he was being arrested.

> The Constitution and laws of the United States do not guarantee plaintiff the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be

>   made in support of the notion that the failure to give *Miranda*
>   warnings subjects a police officer to liability under the
>   Civil Rights Act § 1983.

*Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) (brackets and citation omitted).  Because the defendants are not subject to civil liability for their failure to read Stilley his Miranda Rights, this claim will be dismissed.

    E.   <u>Goshen City Police Department</u>

Finally, Stilley names the Goshen City Police Department as a defendant.  However, Stilley has not alleged any wrongdoing against the Goshen City Police Department. Because Stilley has not asserted any claims relevant to the Police Department, it will be dismissed.

<u>*IN FORMA PAUPERIS* PETITION</u>

Stilley filed a petition to proceed *in forma pauperis.*  His submissions establish that the average monthly deposits to his prisoner trust account during the prior six months were less than $10.00. Therefore, pursuant to 28 U.S.C. § 1915(b), the court grants Stilley leave to proceed *in forma pauperis* and waives the initial partial filing fee.  Stilley shall pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** Plaintiff, Robert J. Stilley, leave to proceed *in forma pauperis* (docket #2);

(2) **WAIVES** the initial partial filing fee;

(3) **ORDERS** Plaintiff **Robert J. Stilley, Elkhart County # 70333**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full;

(4) **DISMISSES WITHOUT PREJUDICE** Audra Tape, Timothy Davis, Vincent Baker, and Stilley's minor son as plaintiffs;

(5) **GRANTS** Stilley leave to proceed against Michael Herschberger in his individual capacity for compensatory damages on his Fourth Amendment excessive force claim;

(6) **DISMISSES** Courtney Simpkins and Goshen City Police Department as defendants;

(7) **DISMISSES** all other claims;

(8) **DIRECTS** the clerk to ensure that a copy of this order is served on Michael Herschberger along with the summons and complaint;

(9) **DIRECTS** the United States Marshals Service to effect service of process on Michael Herschberger;

(10) **ORDERS** pursuant to 42 U.S.C. § 1997e(g)(2), that Michael Herschberger respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(11) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to the facility where the plaintiff is currently housed.

**DATED: April 26, 2007**         /s/RUDY LOZANO, Judge
                                  **United States District Court**