# United States District Court
# Northern District of Indiana

| ROBERT J. STILLEY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:07-CV-172 JVB |
| v. | ) | |
| | ) | |
| MITCHELL HERSCHBERGER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Robert J. Stilley, *pro se* prisoner, filed this action under 42 U.S.C. § 1983, against Defendant Mitchell Herschberger in his individual capacity seeking monetary damages for an alleged excessive use of force during the plaintiff's arrest. (Pro Se Complaint, DE # 1). The Defendant filed a motion for summary judgment asserting the "use of force was objectively reasonable" and that he was entitled to qualified immunity. (Motion for Summary Judgment, DE # 24).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

To determine whether a genuine issue of material fact exists, the Court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law determines which facts are material; that is, which facts might affect the outcome of the case. *Id.* A party opposing a properly supported summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).

## DISCUSSION

To support his summary judgment motion Defendant, a detective with the Goshen Police Department, submitted a declaration under penalty of perjury. (Affidavit of Mitchell Herschberger, DE # 25-2). In his declaration, Defendant relates how, while stopped at a stop sign on routine patrol, he observed Plaintiff in a car immediately behind his. Aware there was an outstanding warrant for Plaintiff's arrest, Defendant parked and approached Plaintiff's car. When he identified himself as a police officer and told Plaintiff to park, Plaintiff drove off. Defendant followed with the car's lights and siren activated. After a short chase, Plaintiff stopped the car, got out, and ran on foot. Defendant and another officer followed also on foot, ordering Plaintiff

to "stop, police." At some point Plaintiff stopped and, after several commands, went down on his knees. (DE # 25-2 at 1-2).

Defendant then states:

> 19. I ordered Plaintiff to lie flat on the ground and to put his hands on his head several times, and finally Plaintiff laid down flat on the ground after several commands.
>
> 20. When Plaintiff laid down flat on the ground, he put both hands underneath his chest so that I could not see them.
>
> 21. I ordered Plaintiff several times to bring his hands out from under his body, but Plaintiff refused to bring his hands out from under his body and attempted to raise his upper body off of the ground 3-4 times.
>
> 22. I ordered Plaintiff to bring his hands out from under his chest several additional times, however, he refused, so I pulled his left hand out from underneath his body. Plaintiff started pushing upward again as I pulled his left hand out from underneath him.
>
> 23. Due to the fact that (a) Plaintiff had resisted arrest by fleeing in a vehicle and on foot, (b) Plaintiff continuously tried to raise his body up despite orders to lay flat on the ground, I became concerned that Plaintiff was holding a weapon underneath his body, and that he was threat to mine and Officer Simpkin's safety.
>
> 24. Because of these concerns, I pushed Plaintiff down onto the ground with both hands on his back, placed my left foot on side of his neck, and put my right knee into his back to keep pressure on him and keep him on the ground.
>
> 25. I then told Plaintiff 2-3 times more to bring his right hand out from underneath his body, and he finally brought it out.

(DE # 24 at 3-4).

Defendant contends the amount of force he used was reasonable because Plaintiff's refusal to show his hands and attempts to raise himself from a prone position led the officer to believe he could have a weapon, presenting an immediate threat to the officers' safety. He explains he used

3

"only that amount of force that I felt was necessary to control Plaintiff for officer safety." (*Id*. at 4, ¶ 28).

"The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. 386, 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the perfect vision of hindsight. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Graham*, 490 U.S. at 396. The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances. Also, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

Plaintiff entitled his response to Defendant's summary judgment motion "Plaintiff's Statement of Facts in Opposition to Defendant's Motion for Summary Judgment." (Response to Summary Judgment Motion, DE # 37). He maintains that, as another officer handcuffed him, Defendant "did stomp on my face twice." (Id. at 3, ¶12 ). Defendant's motion for summary judgment included the notice required by N.D. Ind .L.R. 56.1(e), warning Plaintiff that the Court must accept the defendant's factual assertions as true in the absence of any contradictory evidence

4

presented in sworn statements. (See Notice, DE # 27 at 2-3). Although Plaintiff's factual statement contains allegations which contradict Defendant's account of what happened, it is neither a sworn affidavit nor an unsworn declaration pursuant to 28 U.S.C. § 1746. Twice the Court attempted to give Plaintiff the opportunity to re-file his statement in the proper (DE 40 and DE 42) form, but Plaintiff has failed to do so. Consequently, the Court cannot consider the Plaintiff's statement, and defendant's factual assertions remain unchallenged.

Based on the uncontroverted factual assertions set forth in Defendant's declaration, under the totality of the circumstances, no reasonable fact finder could find that he exerted unreasonable force to ensure the officers' safety.[1]

Therefore, the Court:

(1) **GRANTS** the motion for summary judgment (DE #25); and

(2) **DIRECTS** the Clerk of the Court to enter judgment in favor of the Defendant and against the Plaintiff.

**SO ORDERED** on November 12, 2008.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division

---

[1] Because the judgment in Defendant's favor constitutes a determination that no constitutional violation occurred, it is not necessary to discuss his qualified immunity claim. *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004)("When confronted with a claim of qualified immunity, a court must first ask the following questions: 'Taken in light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right.' ").